Palmer v. Palmer.

---

DANIEL B. PALMER *vs.* BOWMAN PALMER, executor.

*Commissioners under R. S., c. 64 § 54—report of.*

It is a sufficient compliance with the provisions of R. S., c. 82, § 131, requiring a certified copy of the commissioner's report to be filed before making an application for execution, if the order of acceptance by the probate court, referring to and making the report a part of the order, be certified.

If the report of commissioners under R. S., c. 64, § 51, declares that they acted "pursuant to the annexed commission," it need not appear affirmatively that they notified the parties, or otherwise complied with the directions contained in the commission, or required by statute.

If such requirements were in fact complied with, and the report omitted to show it, the defect might be cured by amendment

The phrase "after their report is made" used in R. S., c. 66, § 11, means after their report has been returned and finally accepted, as in R. S., c. 82, § 131.

The creditor can resort to the process provided in R. S., c. 82, § 131, when an executor has entered an appeal from the report of the commissioners, but has failed to complete it by giving the requisite notice.

ON EXCEPTIONS.

PETITION for execution under the provisions of R. S., c. 82, § 131.

It appeared that the petitioner presented a claim against the estate of Benjamin Palmer, late of Readfield, deceased, to Bowman

Palmer, executor of the will of said Benjamin Palmer, and the executor represented in writing' to the judge of probate that said claim was deemed by him to be exorbitant, unjust, and illegal; whereupon, after notice and hearing, commissioners were appointed under provisions of R. S., c. 64, § 51.

The report of the commissioners was made to the probate court on the fourth Monday of July, A. D. 1871, and accepted by order of the court on the same day. The exceptions state that a certified copy of report was filed in the office of the clerk of the courts with the petition.

On the 12th day of August, 1871, Bowman Palmer, executor, filed notice of appeal, reasons of appeal, and bond to Daniel B. Palmer in the probate court.

At the October term, 1871, of the supreme judicial court, sitting as the supreme court of probate, the appeal was entered by the executor, and order of notice to the claimant by publication in *Maine Standard* obtained, but no notice was published.

It was admitted by the executor that no notice of the appeal was ever given to the petitioner, his agent or attorney.

The presiding judge ordered execution to issue and the executor filed exceptions.

The remaining facts are stated in the opinion.

*E. F. Pillsbury*, in support of the exceptions.

The filing of the petition was unauthorized until a certified copy of the report had been filed in the clerk's office. R. S., c. 82, § 131.

This proceeding is not authorized in cases where an appeal has been entered in probate court, only authorized where the report of the commissioners has been " finally accepted."

The statute on which this proceeding is based treats the final acceptance of the report as a judgment, and this process is but the means to enforce it. The appeal vacated such judgment. *Hunter* v. *Call*, 49 Maine, 556 ; *Tarbox* v. *Fisher*, 50 Maine, 236.

When the appeal " is so taken " (R. S., c. 66, § 13) the only

method provided for getting the case into the supreme court is by suit for money had and received within three months.

The statute provides no remedy where appealing party fails to notify the adverse party, but no serious inconveniences can arise therefrom, for if by accident or mistake he omits to bring suit within three months, the court may allow him to at any time within four years. Chap. 35, laws of 1872. Provision is made in common cases of appeal from the probate court, that if from accident, mistake, defect of notice, or otherwise, without fault on the part of the appellant, there is a failure to appeal or to prosecute an appeal, the supreme court may allow it to be done within one year. R. S., c. 63, § 23.

It does not appear in this case that the commissioners notified the parties or held a meeting, or complied in other respects with the directions contained in their commissions as required by statute.

*E. O. Bean*, and *A. Libbey*, for petitioners.

There was no appeal perfected.

Probate courts are courts of record, and everything necessary to be done under the statute to perfect the appeal, should appear of record.

A return of service should have been made to the probate office ; until this was done no appeal could appear of record. *Moody* v. *Moody*, 11 Maine, 247 ; *Gammon* v. *Chandler*, 30 Maine, 152.

To vacate the judgment or decree of the probate court accepting the report of the commissioners, an appeal must have been taken and prosecuted according to the provisions of the statute. This not having been done that judgment remains in full force, and this court has jurisdiction only under the statute providing for issuing execution where payment has not been made. *Bates* v. *Ward, Admr.*, 49 Maine, 87 ; *Pattee* v. *Low, Admr.*, 36 Maine, 138 ; *Dolloff* v. *Hartwell*, 38 Maine, 54 ; *Knights* v. *Bean, Admr.*, 18 Maine, 219 ; *Atkins* v. *Wyman*, 45 Maine, 399.

Bringing a suit by the creditor does not give the court jurisdiction, nor does the entry of the appeal in this court by the executor,

as has been done. There was no waiver of the requirements of the statute, nor could there be. Neither proceeding has any record to sustain it; both would be dismissed on inspection by the court. On motion of the defendant, the creditor's action must be dismissed. He could have no remedy on the bond filed. Whether there has been a legal appeal cannot rest upon the option of either party. *Giles* v. *Vigereaux*, 32 Maine, 565 ; *Bennett* v. *Greene*, 46 Maine, 499 ; *Harris* v. *Hutchins*, 28 Maine, 102 ; *Hilton* v. *Longley*, 30 Maine, 220 ; *Smith* v. *Robinson*, 13 Met. 165 ; *Carlisle and ux.* v. *Weston*, 21 Pick. 535.

No injustice is done by issue of execution.

VIRGIN, J. This is a written application for an execution, founded on R. S., c. 82, § 131, the essential provisions of which are as follows :

"When the report of commissioners appointed by the probate court to decide upon exorbitant, unjust, or illegal claims against a solvent estate, has been returned and finally accepted in favor of a creditor, and the amount allowed him is not paid within thirty days thereafter, he may file a certified copy of such report in the office of the clerk of the courts, and apply in writing to a judge of the supreme judicial court for an execution ; and he shall order a hearing thereon, with or without notice to the adverse party. . . . If no sufficient cause is shown to the contrary, the judge shall direct an execution to be issued for the amount allowed the creditor by such report," etc.

R. S., c. 64, § 51, after authorizing the appointment and defining the general duties of such commissioners, provides that "sections five, six, seven, eight, eleven, twelve, thirteen, fourteen, and fifteen of c. 66, shall apply to such claims, and the proceedings thereon. No action shall be maintained on any claim so committed, unless proved before said commissioners ; and their report on all such claims shall be final, saving the right of appeal."

So much of c. 66, § 11 as is applicable to the case at bar, provides as follows :

" The claimant, the administrator, an heir-at-law, or any creditor may appeal from the decision of the commissioners by giving written notice thereof at the probate office within twenty days after their report is made. . . . When the appeal is made by any party other than the claimant, he is to give notice to the creditor within thirty days," etc.

The case finds that the commissioners were duly appointed and commissioned May 8, 1871, and their report returned into the probate office and finally accepted by the judge of probate, on the 4th Monday of July, 1871, within the time limited in the commission ; that on Nov. 15, 1872, during the October term of this court, a copy of the report of the commissioners was filed in the office of the clerk of the courts with this petition ; and the justice presiding ordered execution to issue, whereupon the respondent alleged exceptions.

In support of his exceptions, the respondent contends :

1. That the copy of the report filed in the office of the clerk is not a " certified copy " as required by c. 82, § 131.

Although the bill of exceptions expressly finds that a " certified copy of report was filed " there, " with the petition," still, as the report itself, termed in the bill of exceptions " commissioners' return," is made a part of the case, and as it may, with more or less plausibility, be contended that the statement of what the paper is and the paper itself ought to be taken together, we will examine the report and ascertain whether it is, in fact, " certified."

The document actually filed, contains, on the first page, what purports to be the commission, dated May 8, 1871, addressed to the commissioners and reciting their statute duties, together with the jurat, dated July 10, 1871 ; on the third, the return or report of the commissioners, duly signed, of the following tenor : " Pursuant to the annexed commission, the undersigned commissioners on the estate of Benjamin Palmer, late of Readfield, deceased, having received and examined the claims of said creditors, hereby make their report of the claims presented, whether allowed or disallowed, with the amount allowed on each claim ; name, Daniel B.

Palmer v. Palmer.

Palmer; nature of claim, for labor; amount presented, $2,199.00 ; amount allowed, $2,024.00 ;" and on the fourth, the order of the judge of probate, as follows: " Kennebec county. In probate court, held on the 4th Monday of July, 1871. The foregoing list of claims, presented and allowed against the estate of Benjamin Palmer, late of Readfield, deceased, having been returned into the probate court, it is ordered that the same be accepted. H. K. Baker, judge. A true copy. Attest: Charles Hewins, register."

Thus it is seen that while the page containing what may be termed the report proper bears no formal certificate, the order of acceptance referring to it in terms and thus making the report a part of the order, is certified. The report alone is of no avail, and cannot be appealed from until it has been accepted. *Robbins Cordage Co.* v. *Brewer*, 48 Maine, 484. And the order of acceptance embodying, as it virtually does, the report of the commissioners, being duly certified and filed, together with the report, constitute a sufficient compliance with this requirement of the statute ; especially since there is no suggestion that the report filed was not, in fact, a true copy of the original, and correctly stated the actual amount allowed.

2. The further technical objection is made, that it does not appear that the commissioners notified the parties or otherwise complied with the directions contained in their commission and required by the statute.

But on inspection of the commission it will be seen that they were therein directed to do what the statute requires them to do ; and their report declares that they acted " pursuant to the annexed commission." We fail to perceive why that is not equivalent to a detailed statement of their official action. But if not, it is not pretended that the commissioners did not notify the parties, or otherwise comply with the statute requirements, but simply that these do not affirmatively appear by the report. But if they were, in fact, complied with and the report omitted to show it, the defect may be cured by an amendment in accordance with the facts. *Crocker* v. *Crocker*, 43 Maine, 562.

If these technical objections do not prevail, then it is said that there was an appeal taken from the decision of the commissioners on the part of this respondent, " by giving written notice thereof at the probate office within twenty days after their report was made," as is prescribed in the first clause of c. 66, § 11.

If the claimant had been the appealing party, then the appeal, so far as any notice is concerned, would have been perfected ; for all that is required of him is to give the notice at the probate office that was given in the case at bar by this respondent. But a " party other than the claimant " being the appellant, " he is to give notice to the creditor within thirty days," before his appeal can be considered as perfected. In such case, the statute requires the two notices, one at the probate office for the guidance of the court and all concerned there, and the other to the creditor. If the latter may be omitted with impunity, why not the other.

Again, the reason for giving the notice to the creditor is seen by a brief examination of the sections pertaining to this subject : By c. 64, § 51, the report is final, " saving the right of appeal." When an appeal is properly taken and completed, the decision of the commissioners is thereby vacated. And by c. 66, § 13, " when an appeal is taken the claim is to be determined in an action for money had and received, commenced within three months after the report was made." This action is to be commenced by the claimant. If his claim was disallowed in whole or in part, and being dissatisfied he appeals, there is no need of notice to him, and notice at the probate office where the estate is being settled must necessarily come to the knowledge of the representative party. But if the claimant be the prevailing party before the commissioners and the representative party, being dissatisfied, appeal, then the claimant should be notified in order that he may bring the action in the common-law court.

Thus, Appleton, J., in construing c. 66, § 11, as it was in R. S. of 1841, c. 109, § 18, says : " All which this section requires is that the creditor appealing shall claim his appeal and give notice thereof at the probate office within a specified time. The same

Palmer v. Palmer.

section makes provisions entirely different when the appeal is taken by the administrator." *Pattee* v. *Low*, 35 Maine, 123.

And Kent, J., in *Bates* v. *Ward*, 49 Maine, 89, in speaking of the decisions of commissioners, says : " An appeal is allowed from their decision. An adjudication by the commissioners is final and binding on both parties, unless appealed from and unless the appeal is prosecuted according to the requirements of the statute."

The " thirty days " mentioned in the last clause of c. 66, § 11, limiting the time of giving notice to the creditor, commence when the " twenty days " in the first clause begin. Hence, " within thirty days " there used, means " within thirty days " " after their report is made." The phrase " after their report is made " is not to be taken literally, but means (in the language of Kent, J., in *Robbins Cordage Co.* v. *Brewer*, 48 Maine, 484) " after their report has been made to the judge and by him has been accepted." The phrase " after their report is made," as used in c. 66, § 11, means the same as after their report " has been returned and finally accepted " in c. 82, § 131. So that the " thirty days " in § 131 begin at the same moment with the " thirty days " in § 11. This is the natural and proper construction of the language in § 11, and makes the two sections harmonize.

The respondent not having completed his appeal " by giving notice to the creditor within thirty days " after the final acceptance of their report, and the amount allowed the creditor not having been paid within the same time, the right of appeal lapsed and the petitioner had a right to resort to this process. If the respondent had preferred the common-law tribunal, he should not have compelled the claimant to prove his claim before commissioners ; or if he desired to try the latter tribunal first and then appeal, he should have followed the plain requirements of the statute regulating the appeal. This he did not do. *Exceptions overruled.*

APPLETON, C. J.; CUTTING, DICKERSON, DANFORTH, and PETERS, JJ., concurred.